IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:22-CR-00368 |
| | : | |
| v. | : | (Chief Judge Brann) |
| | : | |
| BENJAMIN WHEELER | : | (Electronically Filed) |

## DEFENDANT'S SENTENCING MEMORANDUM

### I.   INTRODUCTION

Benjamin Wheeler, by and through his counsel, Helen A. Stolinas, submits this presentence memorandum in advance of sentencing on April 15, 2025. On December 3, 2024, Mr. Wheeler appeared before this Court and entered a guilty plea to the offense of Production of Child Pornography under 18 USC § 2251. A presentence report has been prepared by the United States Probation office.

### II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Mr. Wheeler was initially arrested in Bradford County, Pennsylvania on August 6, 2022 following an incident when he and his wife were at Mt. Pisgah State Park when she observed Mr. Wheeler's phone to have explicit images of her daughter (the defendant's stepdaughter). She called the Pennsylvania State Police, who responded directly to the park and spoke with both Mr. Wheeler and

1

his wife. They asked Mr. Wheeler to go to the State Police Barracks in Towanda for questioning. He was not immediately placed in custody and drove himself to the barracks. There, he was questioned about the images and he admitted to taking the images which involved his stepdaughter (age 5) and her cousin (age 10) and depicted sexual acts. He further admitted to sexual contact with his stepdaughter.

A search warrant for the phone was obtained and additional images of child pornography were located. Mr. Wheeler was charged in Bradford County with Involuntary Deviate Sexual Intercourse of a Child, Sexual Assault, Indecent Assault, Dissemination of Photographs/Film of Child Sex Acts, and Possession of Child Pornography. He ultimately pleaded guilty to Involuntary Deviate Sexual Intercourse with a Child which was alleged to occur between August 6, 2021 and August 6, 2022. He was sentenced to 16 years' minimum to 35 years' maximum in state prison which he is serving at the State Correctional Institution Forest in Marienville, Pennsylvania.

Following sentencing in Bradford County, the Commonwealth advised the court that it was not seeking to have Mr. Wheeler classified as a sexually violent predator. He is subject to lifetime SORNA registration based on his conviction.

While the state charges were pending, Mr. Wheeler was indicted on October 19, 2022 and charged with 4 counts of Production of Child Pornography under 18 USC § 2251 (a) and (e). Following his initial appearance, he was detained pending prosecution. He entered a plea to count #3 of the indictment, which alleges acts on July 24, 2022, but the plea agreement contemplates the court's consideration of the relevant conduct alleged in the dismissed counts, which were noted to have occurred on June 30, 2022 and July 24, 2022. (plea agreement, document 42)

### III.  THE APPLICABLE GUIDELINE RANGE

As reported by the United States Probation Office in the Presentence Report, the total offense level is 43 and the criminal history category is II, resulting in the guideline range of 360 months, which reflects the maximum sentence allowed by law.

The criminal history category of II is a result of the related state prosecution which led to the instant prosecution, and acts which the government has cited in the factual basis for the plea. Therefore, as noted below, the Defendant requests a variance which would reflect the calculation of the guidelines with a prior criminal history category of I instead of II.

**A. Relevant Statutory Factors: The § 3553(a) Analysis**

<u>1a. Nature and circumstances of the Offense</u>

The offenses Mr. Wheeler committed, and his arrest are described above. The defendant acknowledges the severity of his conduct and the impact it has on the victims of his behavior. He reported becoming involved with viewing "adult" pornography when he was 16, and several years later his use of pornography "spiraled out of control" to include viewing and eventually producing images of minors in violation of the statute.

Mr. Wheeler has been extremely remorseful about his conduct, which is evident in his admission upon being questioned by police, his plea of guilty in state and federal court, and his remorse is witnessed by those who have written support letters on his behalf. He will have remarks for the court at the time of sentencing, but to quote a portion of what he prepared, "I would like to personally, deeply and sincerely apologize to the victims and their families…I realize the nature of my heinous crimes and take one hundred and ten percent responsibility for my disgusting and vile behavior."

<u>1b. History and circumstances of the Defendant</u>

Benjamin Wheeler is 29 years old, and was raised in Bradford County, Pennsylvania. He is a graduate of Sayre High School and achieved average

grades there. When he was ten, his parents were concerned about his attention and processing information at school. While he did not require special education services, he did have a 504 plan to support his education. Mr. Wheeler acknowledged that he struggled in school.

The PSR reports consistent employment since 2018; however Mr. Wheeler's parents report that he has been employed since he was a 16 years of age. His most recent positions include working as a clerk at Dandy Minute Mart in Waverly, NY and the CVS Pharmacy Distribution Center in Chemung, NY. He was married to the mother of one of the victims in this case, but he consented to a divorce which was served and finalized during his incarceration.

While incarcerated in Bradford County following his arrest, Mr. Wheeler became involved with the faith community and has remained in contact with his spiritual advisor, Dennis Vermilya, who has written a letter of support, which is attached to this submission. After being transferred to SCI Forest, he has continued his involvement with bible study and church activities, working to start a prayer group at the prison. His parents have sent him books that he has requested to learn more about his faith and he remains in contact with his spiritual advisor.

> ### 2. The need to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, the need for the sentence imposed to provide a deterrent effect, and to provide for protection of the public as well as provide the defendant with necessary educational or treatment programs.

The sentencing options provided by the legislature for this offense reflect the seriousness of this crime and the need to promote respect for the law. A mandatory minimum of fifteen years signals that this is a serious crime and demands respect for the law. The guidelines, offense and offender characteristics provide the court a stringent penalty for this egregious conduct. However, given a number of the circumstances discussed below, this case does not demand a sentence in the guideline range, either near or at the maximum allowed by law to accomplish these objectives.

As a general matter, a sentence at or above the mandatory sentence signals to the public the seriousness of the offense and would serve as a deterrent. Moreover, there will be a specific deterrent effect on Mr. Wheeler, who even with a mandatory sentence would be incarcerated from his 20s, through his 30's and into the forties. Such a sentence would seriously provide a deterrent effect through his removal from everyday society for a significant period of time. Specific deterrence is also accomplished through the rehabilitative effect of the sentence and supervised release period. A sentence at or near the top of the guideline range is not necessary because Mr. Wheeler is

not incorrigible. The evidence shows that Mr. he is willing to learn, to admit his own wrongdoing and turn away from similar behavior in the future.

A sentence of even the mandatory minimum provides for a lengthy period during which Mr. Wheeler would be removed from the public. By the time he is released, he will be over forty years old, or perhaps in his 50's. He will have had the opportunity to attend classes, counseling and to continue to further develop his faith. Such a lengthy period of time not only provides a protection to the public and the victims, but it allows him to become rehabilitated, so he does not pose a risk to the public or the victims in the future.

Despite the severity of the charges and the likely sentence he will receive, Mr. Wheeler has the potential for rehabilitation, which is evidenced through the letters of support he has received and his own efforts at self-improvement while he serves this sentence. He is amenable to rehabilitative efforts such as sex offender counseling and vocational training. His attitude exhibits that he is not only amenable, but understands the necessity of making amends for his behavior and avoiding any future criminal behavior. The resources available at the state and federal levels will provide him necessary treatment and educational programs.  He is already engaged in work at the prison as well as spiritual groups, but as he nears his release he will be enrolled and required to complete

sex offender therapy. He will be requesting designation at a federal prison which has available sex offender counseling and programming.

A lengthy period of supervised release will also provide the defendant with necessary educational or treatment programs, and he anticipates a lengthy period of supervised release following is release from incarceration. This enhances the protective effect of the offense and provides the means by which his compliance can be monitored by probation officials.

3, <u>The kinds of sentences available</u>

This offense requires a mandatory minimum sentence of fifteen years' incarceration, as well as a period of supervised release. The court may not impose probation or other sentencing alternatives in lieu of the mandatory sentence.

4. <u>The kinds of sentence and the sentencing range established</u>

The only possible sentence in this case is incarceration.  The sentencing range, as calculated in the PSR is 360 months. Mr. Wheeler asserts that such a sentence would be excessive under the circumstances.

5. <u>Any pertinent policy statement issued by the Sentencing Commission</u>

The defense does not cite to any particular policy statement issued by the Sentencing Commission.

6. <u>Avoidance of sentencing disparity</u>

From 2015 through 2023, sentences under USSG 2G2.(1)(b) for individuals with a criminal history category of II in the 3rd Circuit reflect that at least 50% of sentences involved incarceration of less than 25 years, and 30% of sentences under this guideline were in the range of fifteen to less than twenty years. The average length of imprisonment was 304 months and the median was 285 months[1]:



In the Middle District of Pennsylvania during that same period, the distribution of sentences included 40% of sentences at lest than 20 years and 40% less than 25 years. The average length of imprisonment was 271 months, and the median sentence length was 267 months.

---

[1] For criminal history category I, 68% of sentences were 25 years or less, the average length of incarceration was 293 months and the median was 300 months.



Given the historical sentences in the 3rd Circuit and the Middle District of Pennsylvania, a sentence of between fifteen and twenty-five years would not be disparate to other sentences imposed under these guidelines.

7. <u>The need to provide restitution to the victims</u>

The court also must consider the need to provide restitution to the victims. 18 USCS 3553(a)(7). A sentence significantly lower than the maximum sentence, followed by a lengthier period of supervised release will allow Mr. Wheeler to return to gainful employment to allow payment of restitution. Mr. Wheeler has a good work history, and provided sufficient time, he will be able to make regular payments toward the outstanding amount due.

### B. Restitution

The presentence report reflects a total restitution request of $106,000 from 15 specific victims whose images were found on Mr. Wheeler's electronic devices. These restitution requests range from $3000 to $10,000 each. Also attached to the presentence report are various requests for restitution from counsel for the victims of the defendant's conduct. Pursuant to 18 U.S.C. § 2259(c)(1) and (c)(2), the court must first to determine the full amount of a victim's losses and determine a restitution amount which reflects the defendant's role in the causal process that underlies the victim's losses, but no less than $3000.

The Supreme Court's decision in *Paroline v. United States*, 572 U.S. 434, 459, (2014) sets forth factors that a district court may follow when setting the amount of restitution: " the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved; whether the defendant distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role."

The defendant in this matter alleges that insufficient information is presented to establish the causal connection of the defendant's role in the victims' losses in these cases. The allegations for which the victims are seeking restitution involve Mr. Wheeler having possession of images on his electronic devices. There is no specification of how many images involving each victim were found on his devices. For the restitution requests noted in the PSR, Mr. Wheeler is not alleged to have participated in the production of those images, nor has he been accused of distributing them.  While there is a recognition that the viewing of exploitative materials is harmful to the victims and can lead to an order of restitution under the law, the Court must also consider the causal connection between the defendant's possession of the images and the victims' losses.

Having established that Mr. Wheeler did not participate in the production or distribution of these images with respect to the enumerated victims seeking restitution, the remaining *Paroline* factors must be considered with respect to each individual victim seeking restitution and the documentation of their losses. The defendant submits that restitution should be ordered only in the minimum amount for each of the named victims.

### C. Concurrent Sentences

A review of the circumstances in this and the Bradford County cases reveals that these prosecutions were initiated as a result of Mr. Wheeler's wife

observing sexually explicit conduct involving her daughter and her daughter's cousin on the Defendant's phone. Additionally, the offenses were committed during the same time frame and the Bradford County offense is included in the statement of facts in the instant prosecution.

The government provided a factual basis for the plea on the record which included, *inter alia*, production of video that depicts the defendant engaging in sexually explicit conduct with C.H. on June 30, 2022. This coincides with the Bradford County prosecution for the charge of Involuntary Deviate Sexual Assault, in which C.H. was the victim- specifically an allegation that he had engaged in involuntary deviate sexual intercourse under 18 Pa. C.S.A. § 3123. Under Pennsylvania law, involuntary deviate sexual intercourse is defined as sexual intercourse per os or per anus, 18 Pa. C.S.A. § 3101. The video discovered by the police included this conduct during the time frame alleged.

This identification of the Bradford County acts is important due to the application of USSG 5g1.3(b)(1), which provides that, in the event that a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons and the sentence for the instant

13

offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

In this case, Mr. Wheeler has remained in custody since the date his offense was reported- August 6, 2022. He was initially held in the Bradford County Correctional Facility and was thereafter transferred to SCI Forest following his sentencing.

The Bureau of Prisons relies on 18 USC §3585 to determine credit for time served. This section provides that a federal sentence commences on the date the defendant is received in custody for transport to the official detention facility at which the sentence is to be served. Credit for prior custody is not provided for time served for another sentence.

Because Mr. Wheeler has not been in federal primary custody, and the time he has spent while incarcerated was credited against another sentence, the Bureau of Prisons will not credit that time against his sentence. Additionally, the remainder of his sentence must run concurrently to the undischarged period of state confinement. Therefore, the defendant will request that the court make an adjustment to the sentence equal to the amount of time from August 6, 2022 through the time of sentencing, and run the remainder of the sentence concurrently.

The US Probation officer notes her disagreement that the Bradford County offense constitutes relevant conduct to the instant conviction, noting the specific conduct listed in Count 3 of the indictment and the less specific conduct noted in the Bradford County Information.  However, given that the Defendant was charged with only one such count in Bradford County, which happens to be included with the factual basis for the federal plea, the offenses are related to the conduct in this case and therefore the sentences should be imposed concurrently, with credit for Mr. Wheeler's incarceration time served to date.

The Probation office's assertion that these offenses are not groupable under 3D1.2(d) is not dispositive on the question of concurrent vs. consecutive sentences- as the guidelines listed apply only to subsection (d) of USSG 3D1.2, which addresses the quantity or total amount of harm and ongoing offenses. However, under 3D1.2(c) the conduct is part of an adjustment to the guidelines, (commission of a sexual act under 2G2.1(b)(2)(A); chapter four enhancement for engaging in a pattern of activity of prohibited conduct).  These adjustments and enhancements total five levels and would reduce the offense level to 41.

**D. Request for Variance**

Mr. Wheeler is requesting that the Court vary downward from the calculation of the guideline sentence. Should the Court find that this sentence should not run concurrently as argued above, it would be appropriate for the Court to depart

15

significantly downward from the guidelines given that the Defendant is already serving a significant sentence as a result of conduct which is related to and discovered at the same time as the instant offenses. The dates alleged in this matter coincide with the dates alleged in Bradford County. The Defendant had not been convicted of any offense prior to this prosecution, and the specific acts to which Mr. Wheeler pleaded guilty were found on the videos which led to the prosecution in this case. Moreover, without a variance, the sentence effectively double- or triple- counts this conduct because it increases the Criminal History Category from I to II, increases due to multiple victims, and as a result of a pattern of behavior.

Given the lack of a prior conviction and the close relationship between the Bradford County and federal prosecutions, a consecutive guideline sentence would result in an excessive period of incarceration when considering Mr. Wheeler's lack of prior criminal history, his willingness to admit his criminal behavior to the authorities, his amenability to correctional treatment, deep and sincere expressions of remorse in word and action, and the availability of lengthy supervision in the community. A significant downward variance should be applied which would effectively consider sentencing the defendant at category I, as well as eliminate the effect of the 5 level increase due to a pattern of conduct. The sentences in Bradford County and the federal system in

conjunction with one another would already reflect the severity of his pattern of conduct, making the five level increase an example of double counting this behavior to increase the sentence.

## CONCLUSION

Mr. Wheeler has admittedly committed serious crimes and will serve a significant sentence. This court will determine if he has a chance at a significant period of release or whether he spends practically the remainder of his life in incarceration. The defense submits that he should not be sentenced among the very worst offenders in this category and deprived of any life outside prison bars. Notably, he was not determined to be a sexually violent predator under Pennsylvania's SORNA statute. He has demonstrated awareness of the wrongfulness of his actions and has displayed remorse to the victim and their family.

Based on the circumstances and the factors discussed herein, Mr. Wheeler requests that the Court impose the sentence concurrently with the sentence imposed in Bradford County, or in the alternative eliminate the 5-level increase for a pattern of conduct, and the increase in criminal history category resulting from the Bradford County sentence.

A specific sentencing recommendation will be made at the time of sentencing upon calculation of the sentencing guidelines by the Court.

Respectfully submitted,

s/Helen A. Stolinas
Helen A. Stolinas
Pa ID # 66738
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752
Email:  stolinas@mazzalaw.com

## CERTIFICATE OF SERVICE

I, Helen A. Stolinas, Esquire, do hereby certify that this document, the foregoing **Presentence Memorandum,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

Alisan Martin

and by serving the following via first-class mail:

Benjamin Wheeler
SCI Forest

| | |
|---|---|
| April 8, 2025 | s/Helen A. Stolinas<br>Helen A. Stolinas<br>Pa ID # 66738<br>The Mazza Law Group, P.C.<br>2790 W. College Ave., Suite 800<br>State College, PA 16801<br>Phone: (814) 237-6255<br>Fax: (814) 237-5752<br>Email:  stolinas@mazzalaw.com<br><br>*Attorney for Defendant,*<br>*Benjamin Wheeler* |